ROY GRAY V. THE STATE.

No. 18379.   Delivered April 21, 1937.

The opinion states the case.

*Thomas B. Ridgell,* of Dallas, *Shead & Smith,* of Longview, and *J. Franklin Spears,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, three years in the penitentiary.

Bruce was on trial in the district court of Gregg County on a charge of accepting a bribe. Appellant was a witness in that case. It was charged in the indictment in that case that appellant here paid Bruce one hundred dollars for doing certain things in violation of the duties of Bruce as justice of the peace. Appellant, as a witness in the trial of Bruce, swore that Bruce was not the man to whom he had paid one hundred dollars as a bribe to do the things mentioned. If this was true, Bruce was not guilty, and the State had no case. Evidently at this point in the trial appellant was asked if he had not, in the grand jury room, pointed out Bruce and identified him as the man to whom he paid the hundred dollars. Appellant swore that he did not do so. For so stating he was indicted in the instant case for perjury in that he deliberately, wilfully and falsely swore that he did not point out Carl Bruce, in the grand jury room, as the identical man to whom he paid the one hundred dollars as a bribe.

The State proved by production of a transcript of the testimony of appellant, properly certified as given on the trial of Bruce, that appellant did then and there so swear. Such testimony was objected to by this appellant on the ground that the

testimony was prejudicial and not material. If the testimony was not material in the case in which given, we would have to hold it inadmissible here inasmuch as our statute, Art. 307, P. C., specifically declares that the false statement, to be the predicate for perjury, must be material to the matter under investigation.

Appellant may have lied when he said that Bruce was not the man to whom he paid the bribe money, but the truth as to who paid such bribe could not be established by proof that at another time and place appellant told a different story. Indeed,—as far as we can tell from this record,—when appellant said that Bruce was not the man to whom he paid the money, he completely destroyed the State's case against Bruce. Appellant is not indicted for so swearing in the district court of Gregg County, in effect, that Bruce was not the bribe taker,—and the State is not here trying to convict him for so swearing by proof of circumstances showing that he testified falsely, but the State, in its indignation at appellant for giving such testimony favorable to Bruce, at once undertook to lay a predicate for the impeachment of its own witness, without proof that it was surprised; or else undertook to lay a predicate for the instant indictment. The objection in either case should have been sustained, for that the matter inquired about shed no light on the guilt of Bruce, and nothing in this record shows its materiality, from any standpoint, as regards Bruce's guilt or innocence.

Manifestly, if the State had no right under this record to inquire as to what this appellant may have said before the grand jury, the three bills of exception reflecting objections to proof by grand jurors as to what appellant did swear before them, also reflect error.

For the errors above mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*